IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. RUDOLPH<br><br>Plaintiff,<br><br>v.<br><br>SYCAMORE NETWORKS, INC.<br><br>Defendant. | Civil Action No.<br>3:03 Civ. 298 (JCH) |

## RULE 16 JOINT STATUS REPORT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's June 23, 2003 Status Conference Order, the Parties submit the following Joint Status Report.

### I.   *NATURE OF THE CASE, RELIEF REQUESTED AND RELATIONSHIP TO OTHER PENDING ACTIONS*

Plaintiff Richard A. Rudolph, a former employee of Sycamore, alleges in his Complaint that he was wrongfully discharged in breach of contract and contrary to public policy. He further alleges claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the Connecticut General Statutes, Sec. 46a-60 et seq., and that he was discharged in order to interfere with the vesting of his retirement benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). In connection with his claims, Plaintiff seeks compensatory and punitive damages and attorneys' fees.

Defendant denies the material allegations in the Complaint and asserts that Plaintiff's employment was terminated for legitimate, non-discriminatory and lawful reasons unrelated to his age or potential retirement benefits. Moreover, any state law claims asserted by

Plaintiff through which he may be seeking to obtain severance benefits are pre-empted by ERISA. Defendant further claims that Plaintiff's Complaint should be dismissed in its entirety because Plaintiff previously entered into an agreement to settle all of his claims against Defendant and to provide Defendant with a general release of all claims against Defendant, including any claims arising out of, or relating to, his employment with Defendant or the termination of his employment. On March 28, 2003, Defendant filed a Motion to Dismiss the Complaint or, Alternatively, for Summary Judgment and to Enforce the Settlement Agreement ("Defendant's Motion to Dismiss"). On or about May 30, 2003, Plaintiff filed an Affidavit in Opposition to Defendant's Motion to Dismiss. The Court has scheduled oral argument on Defendant's Motion to Dismiss for October 15, 2003 at 2:00 p.m.

There are no related pending actions.

## II.   SUMMARY OF DISPUTED ISSUES OF FACT AND LAW

Since the Parties are awaiting a decision on Defendant's Motion to Dismiss, they have not commenced discovery and are unable to set forth a summary of the disputed issues of fact and/or law. Defendant denies all of Plaintiff's claims and asserts that any state law claims asserted by Plaintiff through which he may be seeking to obtain severance benefits are pre-empted by ERISA. . The Parties anticipate that there will be a dispute as to whether, as a matter of law, Defendant's decision to terminate Plaintiff's employment was contrary to public policy, the ADEA, or the Connecticut General Statutes and/or was in violation of Plaintiff's rights under ERISA.

## III.   DESCRIPTION OF DISCOVERY TO DATE

The Parties have not commenced discovery because they are awaiting a ruling on the Defendant's Motion to Dismiss. Pursuant to this Court's Order, entered on June 13, 2003, discovery is scheduled to close on March 1, 2004.

2

If Defendant's Motion to Dismiss is denied, the Parties anticipate that discovery will be needed on the following subjects:

    a.    All subjects and issues arising out of Plaintiff's Complaint;

    b.    All subjects and issues arising out of Defendant's defenses to Plaintiff's claims;

    c.    Plaintiff's employment history;

    d.    Plaintiff's job duties and responsibilities;

    e.    Plaintiff's claims of age discrimination by Defendant;

    f.    Plaintiff's alleged contact with Defendant and the basis for his claim that Defendant breached that contract

    g.    Plaintiff's claim that his discharge was contrary to public policy;

    h.    Plaintiff's claim that his discharge was in violation of ERISA;

    i.    The events leading up to Plaintiff's termination of employment;

    j.    Plaintiff's efforts to seek employment following the termination of his employment with Defendant; and

    k.    Plaintiff's alleged damages, including without limitation, his efforts to mitigate such alleged damages..

## IV.   *DISPOSITIVE MOTIONS*

Defendant's Motion to Dismiss currently is pending. If Defendant's Motion is denied, and the case proceeds to discovery, Defendant may wish to file a dispositive motion at the conclusion of discovery on the grounds that there are no materials issues of fact as to the merits of Plaintiff's claims and Defendant is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. Per this Court's June 13, 2003 Order, the deadline for filing dispositive motions is April 1, 2004.

## V.   ADDITIONAL PLEADING TO BE FILED

Since the Parties have not commenced discovery, they cannot at this time state whether additional pleadings will be filed in this matter. In the event Defendant's Motion to Dismiss is denied, Defendant anticipates it will file an Answer to the Complaint.

## VI.   TRIAL READY DATE AND LENGTH OF TRIAL

Per the Court's June 13, 2003 Order, the Parties are required to file a joint trial memorandum by May 1, 2004 or thirty (30) days after a ruling is issued on any dispositive motions, whichever date is later. Moreover, the case is to be trial ready within sixty (60) days after filing the joint trial memorandum or sixty (60) days after a ruling on any dispositive motions, whichever date is later. Since there has been no discovery to date, it is difficult to predict the length of trial; however, the Parties estimate it will last 3 to 4 days.

## VII.   ADDITIONAL PREPARATION REQUIRED

At this stage, the Parties are unable to state what additional preparation will be required prior to the trial of this matter.

## VIII.   WHAT CAN THE COURT DO TO FACILITATE THE PROGRESS OF THE CASE

As soon as the Parties obtain a ruling from the Court on Defendant's pending Motion to Dismiss, they will be able to either finalize the settlement agreement previously entered into by the Parties or will commence discovery.

## IX.   WILL A SETTLEMENT CONFERENCE OR ASSIGNMENT TO A SPECIAL MASTER BE BENEFICIAL? WHAT OTHER DISCOVERY OR MOTION PRACTICE WILL FACILITATE SETTLEMENT DISCUSSIONS?

The Parties do not believe a settlement conference or assignment to a special master will be beneficial at this time. As set forth in Defendant's Motion to Dismiss, Defendant contends the Parties previously reached a binding agreement to settle Plaintiff's claims against Defendant, that Plaintiff has refused to fulfill his obligations under that agreement, and that

Plaintiff filed the instant Complaint in violation of that agreement. After the Court rules on Defendant's Motion, the Parties will know whether to proceed with discovery or finalize the settlement agreement reached.

|  |  |
|---|---|
|  | JACKSON LEWIS LLP<br>55 Farmington Avenue<br>Suite 1200<br>Hartford, Connecticut 06105<br>Phone: (860) 522-0404<br>Fax: (860) 247-1330<br>SheaJ@jacksonlewis.com |
| Dated: October 14, 2003<br>Hartford, Connecticut | By: _____<br>James Shea  Ct 16750 |

-and-

|  |  |
|---|---|
|  | JACKSON LEWIS LLP<br>59 Maiden Lane<br>New York, New York  10038<br>Phone: (212) 545-4000<br>Fax: (212) 972-3213<br>CourtiaJ@jacksonlewis.com<br>BloomE@jacksonlewis.com |
| Dated: October 14, 2003<br>New York, New York | By: _____<br>Jennifer B. Courtian  Ct 24986<br>Elise M. Bloom |

ATTORNEYS FOR DEFENDANT SYCAMORE NETWORKS, INC.

LAWRENCE J. LEGENZA, ESQ.
    Lawrence J. Legenza, Esq.
    785 Farmington Ave
    Kensington, Connecticut 06037
    Phone: (860) 829-8220
    Fax: (860) 828-7503

| Dated: October 14, 2003<br>Kensington, Connecticut | By: _____<br>Lawrence J. Legenza |
|---|---|

ATTORNEY FOR PLAINTIFF RICHARD A. RUDOLPH

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. RUDOLPH<br><br>Plaintiff,<br><br>v.<br><br>SYCAMORE NETWORKS, INC.<br><br>Defendant. | Civil Action No.<br>3:03 Civ. 298 (JCH) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2003, I cause to be served a true and correct copy of Rule 16 Joint Status Report upon Plaintiff, Richard A. Rudolph, by hand delivery, addressed to Plaintiff's counsel of record, Lawrence J. Legenza, Esq., at the following address:

Lawrence J. Legenza, Esq.
785 Farmington Ave
Kensington, CT 06037

_____
James F. Shea