UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. RUDOLPH,<br>Plaintiff, | |
| | CIVIL NO. 3:03CV298(JCH) |
| v. | |
| SYCAMORE NETWORKS, INC.<br>Defendant. | DECEMBER 17, 2004 |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 38 of the United States District Court for the District of Connecticut, Plaintiff Richard Rudolph and Defendant Sycamore Networks, Inc. hereby submit their joint Report of Parties' Planning Meeting and state as follows:

| | |
|---|---|
| Complaint Filed: | January 21, 2003 |
| Date of Defendant's Appearance and<br>Notice of Removal to Federal Court: | February 19, 2003 |

**I.   Certification**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   Jurisdiction**

Subject Matter Jurisdiction:

1.   Defendant removed this case to this Court on the basis that this Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff asserts claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA").

Defendant further claims this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is full diversity of citizenship between the parties, and the amount in controversy reasonably exceeds $75,000.00.

Personal Jurisdiction:

1. Plaintiff Richard A. Rudolph is a citizen of the State of Connecticut, residing in Rocky Hills, Connecticut. Mr. Rudolph is a former employee of Sycamore Networks, Inc. ("Sycamore").

2. Sycamore is incorporated in the state of Delaware and maintains its principal place of business in Massachusetts.

### III. Brief Description of Case

#### A. Claims of Plaintiff:

Plaintiff Richard A. Rudolph, a former employee of Sycamore, alleges in his Complaint that he was wrongfully discharged in breach of contract and contrary to public policy. He further alleges claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the Connecticut General Statutes, Sec. 46a-60 et seq., and that he was discharged in order to interfere with the vesting of his retirement benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq. ("ERISA"). In connection with his claims, Plaintiff seeks compensatory and punitive damages and attorneys' fees.

B. **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:**

Defendant denies the material allegations in the Complaint and asserts that Plaintiff's employment was terminated for legitimate, non-discriminatory and lawful reasons unrelated to his age or potential retirement benefits. Moreover, any state law claims asserted by Plaintiff through which he may be seeking to obtain severance benefits are pre-empted by ERISA.

There are no related pending actions.

C. **Defenses and Claims of Third Party Defendant/s:**

Not applicable.

IV. **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff was employed by Defendant.

2. Plaintiff's employment with Defendant was terminated.

V. **Case Management Plan**

A. **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as set forth below.

B. **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

3

C. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties believe settlement is a possibility at this time.

2. The parties request an early settlement conference before Magistrate Holly B. Fitzsimmons.

3. The parties do not currently request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. **Joinder of Parties and Amendment of Pleadings**

The parties do not require time to join additional parties or amend the pleadings. Pursuant to the Federal Rules of Civil Procedure, either party can at any time request permission of the Court to amend the pleadings.

E. **Discovery**

1. The parties agree to make their initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure not later than January 31, 2005.

2. The parties anticipate that discovery will be needed on the following subjects and others as appropriate:

> (a) All subjects and issues arising out of Plaintiff's Complaint;
> 
> (b) All subjects and issues arising out of Defendant's defenses to Plaintiff's claims;
> 
> (c) Plaintiff's employment history;

(d) Plaintiff's job duties and responsibilities;

(e) Plaintiff's claims of age discrimination by Defendant;

(f) Plaintiff's alleged contact with Defendant and the basis for his claim that Defendant breached that contract

(g) Plaintiff's claim that his discharge was contrary to public policy;

(h) Plaintiff's claim that his discharge was in violation of ERISA;

(i) The events leading up to Plaintiff's termination of employment;

(j) Plaintiff's efforts to seek employment following the termination of his employment with Defendant; and

(k) Plaintiff's alleged damages, including without limitation, his efforts to mitigate such alleged damages.

3. Discovery may commence after the parties conduct the Rule 26 conference. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) and depositions of fact witnesses, will be completed by June 30, 2005.

4. Discovery will not be conducted in phases.

5. The parties do not anticipate that there will be any issues for early discovery.

6. Defendant currently anticipates three depositions of fact witnesses, including Plaintiff. Plaintiff currently anticipates a total of three (3) depositions of fact witnesses.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2005. Depositions of any such experts will be completed by June 30, 2005.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports retained from experts by May 30, 2005. Depositions of such experts will be completed by June 30, 2005.

9. Defendant requests that Plaintiff provide a damages analysis by January 31, 2005, in accordance with Fed.R.Civ.P. 26(a) which requires that such information be provided in Plaintiff's initial disclosures.

### F.  **Dispositive Motions**

Dispositive motions will be filed on or before July 30, 2005. Any opposition papers will be filed by August 30, 2005. Any reply papers will be filed by September 15, 2005.

### G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed thirty (30) days after a ruling is issued on any dispositive motions.

### H.  **Trial Readiness**

The case will be ready for trial within sixty (60) days after a ruling on any dispositive motions.

JACKSON LEWIS LLP
55 Farmington Avenue
Suite 1200
Hartford, Connecticut 06105
Phone: (860) 522-0404
Fax: (860) 247-1330
SheaJ@jacksonlewis.com

Dated: December 17, 2004            By: _____
       Hartford, Connecticut              James Shea

                                          -and-

                                    JACKSON LEWIS LLP
                                    59 Maiden Lane
                                    New York, New York 10038
                                    Phone: (212) 545-4000
                                    Fax: (212) 972-3213
                                    Attorneys of Record:
                                    Elise M. Bloom
                                    Steven D. Hurd

                                    ATTORNEYS FOR DEFENDANT SYCAMORE
                                    NETWORKS, INC.

                                    LAWRENCE J. LEGENZA, ESQ.
                                    Lawrence J. Legenza, Esq.
                                    785 Farmington Ave
                                    Kensington, Connecticut 06037
                                    Phone: (860) 829-8220
                                    Fax: (860) 828-7503

Dated: December 17, 2004            By: _____
       Kensington, Connecticut            Lawrence J. Legenza
                                    ATTORNEY FOR PLAINTIFF RICHARD A.
                                    RUDOLPH

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, via first-class mail, on this 17th day of December, 2004 addressed as follows:

> Lawrence J. Legenza
> 785 Farmington Avenue
> Kensington, CT 06037-1302
> Tel. (860) 829-8220

Attorney for Plaintiff

_____
James F. Shea

53595